IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA BROWN, a minor, by and through NADINE MARASCO, her Parent and Natural Guardian,<br>　　　　Plaintiffs, | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : | NO. 04-CV-3442 |
| STEPHEN D. WIENER, M.D., et al.,<br>　　　　Defendants. | : <br> : <br> : | |

**MEMORANDUM & ORDER**

**Legrome D. Davis, J.**                                                                                    **July 6, 2005**

Presently before the Court is Defendant Aetna's Motion for Judgment on the Pleadings (Doc. No. 12), and Plaintiffs' Response in Opposition (Doc. No. 13). For the reasons set forth below, Defendant's Motion will be granted.

**I.     FACTS AND PROCEDURAL BACKGROUND**

During the summer of 1991, Plaintiff Nadine Marasco ("Marasco") was in her third trimester of pregnancy with her then-unborn child, Plaintiff Christina Brown ("Brown"). On June 6, 1991, Marasco contends that she showed symptoms of vomiting, diarrhea, swelling, kidney pain, and yellow appearing skin, and that Marasco presented the condition to Defendant Dr. Wiener ("Wiener"), her family physician. Wiener diagnosed Marasco with gastroenteritis and concluded that Marasco did not require a referral to an obstetrician. Thereafter, Marasco contacted her obstetrician, Defendant Dr. McGlumphy ("McGlumphy"), who also refused to see Marasco. Marasco called her HMO, Aetna ("Aetna"),[1] who similarly refused for Marasco to

---

[1] Herein Aetna refers to the HMO Defendant: Aetna, Inc. f/d/b/a/ United States Healthcare Systems, Inc., U.S. Healthcare, U.S. Healthcare, Inc., Aetna U.S. Healthcare, Inc., HMO PA, and HMO PA Foundation.

meet McGlumphy. On June 12, 1991, McGlumphy finally agreed to see Marasco, and shortly thereafter diagnosed her with severe preeclampsia and rushed her to Abington Memorial Hospital. Brown was subsequently delivered the same day via emergency caesarean section at Abington Memorial Hospital. However, as a result of in-utero hypoxia in the days immediately preceding the delivery, Brown suffered severe brain damage and subsequently developed spastic cerebral palsy and mental retardation.

Thereafter, Plaintiffs filed a negligence action on January 19, 2003, in the Court of Common Pleas for Philadelphia County ("C.C.P."). On March 25, 2003, Aetna timely removed the action, pursuant to 28 U.S.C. §§ 1331 and 1441(b), to the United States District Court for the Eastern District of Pennsylvania. On April 24, 2003, Plaintiffs moved to remand the case to the C.C.P. On June 17, 2003, this Court granted Plaintiffs' motion and remanded the case to the C.C.P. On July 20, 2004, Aetna again removed the action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1446(b), following the United States Supreme Court's decision in Aetna Health Care, Inc. v. Davila, 125 S. Ct. 2488 (2004). On August 19, 2004, Plaintiffs again moved to remand (Doc. 4). This Court denied Plaintiffs' Motion for Remand on September 30, 2004 (Doc. No. 6).

Defendant Aetna now seeks a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the ground that Plaintiffs' negligence claim against it is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) is treated under the same standard

as a motion to dismiss pursuant to Rule 12(b)(6), but, unlike a motion to dismiss, is filed after defendants have answered the complaint. DeBraun v. Meissner, 958 F. Supp. 227, 229 (E.D.Pa.1997). The court must accept all well-pleaded allegations in the complaint as true and draw all inferences in the plaintiff's favor. Pennsylvania Nurses Association v. Pennsylvania State Education Association, 90 F.3d 797, 799-800 (3d Cir.1996), cert. denied, 519 U.S. 1110 (1997). In addition, the court may consider matters of public record, and authentic documents upon which the complaint is based if attached to the complaint or, in certain cases, as an exhibit to the motion. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir.1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir.1993) (citations omitted), cert. denied, 510 U.S. 1042 (1994). The court may grant the motion only if the plaintiff has alleged no set of facts that would entitle him to relief. DeBraun, 958 F. Supp. at 229.

### III.   DISCUSSION

#### A.   Jurisdiction

Plaintiffs' Memorandum in Opposition argues that Aetna made a treatment decision that falls outside the scope of ERISA's civil enforcement provisions and incorporates by reference their Memorandum of Law in Support of the Motion for Remand which argues that this case is not removable for that reason. (Pls.' Opp. at 5.) In general, under the well-pleaded complaint rule, federal courts have federal question jurisdiction only when a federal claim appears in the complaint and not when a federal preemption defense may eventually be raised. Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005). "Certain federal laws, however, including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim." Id. "In such

cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court." Id.

**B.     The Group Master Contract**

The next question the Court must address is whether it may consider Aetna's Group Master Contract, attached by Defendant as an Exhibit to its Motion for Judgment on the Pleadings.  In deciding a motion to dismiss, courts generally may not consider documents outside of the pleadings.  An exception has been recognized where a document is "*integral to or explicitly relied upon*" in the complaint."  In re: Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (citations omitted).  The Third Circuit has stated that "a district court may examine an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document'" reasoning that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'" Id. (citations omitted).  Plaintiffs argue that the Group Master Contract may not by considered because is was not integral to the Complaint, nor explicitly relied on by Plaintiffs, "who did not have a copy of this document prior to filing suit." (Pls.' Opp. at 5.)  Defendant Aetna argues that Plaintiffs' claim need only "arise out of that document" for it to be permissible for the Court to consider it.  (Def.'s Mot. for J. at 6.)

The Complaint makes no explicit reference to the Group Master Contract between Plaintiff Marasco and Defendant Aetna nor any other Plan documents.  The only implicit references to a contractual relationship with Aetna are (1) that Plaintiff Marasco "was receiving health care benefits through Aetna" at the time she became pregnant; (Compl. ¶ 24) and (2) that "each of the defendants enjoyed a healthcare provider/patient relationship with the plaintiffs"

(Compl. ¶ 25). This is not sufficient to render the Group Master Contract "integral to" the Complaint. Where the Third Circuit has permitted the consideration of an exhibit to a motion to dismiss, it has generally noted that allegations in the Complaint were based on the document and/or that the Complaint described the document's terms. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In Burlington Coat Factory, where the plaintiffs' Complaint relied on certain data to support certain claims, but neglected to cite or attach the source of the data, the court held that it was reasonable for the district court to have looked to the relevant Annual Report provided by the defendants, despite the fact that it was not explicitly referred to in the Complaint. 114 F.3d at 1426. Likewise, in Pension Benefit Guaranty Corp., where the Complaint was based on a contract and described some of its terms, but was not attached to the Complaint, the court held that a court could consider the contract, which had been attached to the defendant's motion to dismiss as an exhibit. 998 F.2d at 1196. By contrast, in the instant case, Plaintiffs do not base their claims on the terms of the contract with Defendant Aetna. While it might be argued that Plaintiffs' claim against Aetna, which alleges negligence, is framed by the scope of duty owed to Plaintiffs as set forth in the contract, taking Plaintiffs' averment that they did not possess the contract prior to the filing of the Complaint as true, it cannot be said that Plaintiffs had actual notice and relied upon the contract in framing the Complaint, thus the concern of In re: Rockefeller Center Properties, Inc. Sec. Litig. is not alleviated. See 184 F.3d 280, 287 (3d Cir. 1999). Therefore, this Court will not consider the Group Master Contract attached as Exhibit A to Defendant Aetna's Motion for a Judgment on the Pleadings.

    **C.**    **ERISA Preemption**

5

The third issue the Court must address is whether Plaintiffs' state common law negligence claim against Aetna fails because it is preempted by ERISA. Plaintiffs do not dispute that their relationship with Aetna is pursuant to an employee welfare benefit plan subject to ERISA. Instead Plaintiffs argue that "[a]ccepting as true all factual averments in Plaintiffs' Complaint, Aetna made a treatment decision, not an eligibility decision" and, therefore, judgment as a matter of law is inappropriate because Plaintiffs are outside the civil enforcement provisions of ERISA. Defendant Aetna counters that under the Supreme Court ruling in Davila ERISA completely preempts the state law medical negligence claim Plaintiffs purport to assert against Aetna in this case.

ERISA generally preempts state claims related to employee welfare benefit plans. The Supreme Court has explained that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health, Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004). "To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Id. (citation omitted). In Barber v. Unum, 383 F.3d 134 (3d Cir. 2004), the Third Circuit held that state laws that supplement ERISA's civil enforcement scheme conflict with Congress' intent to make the ERISA remedy exclusive and that a state statute is "conflict preempted" by ERISA if it provides a form of ultimate relief in a judicial forum that adds to judicial remedies provided by ERISA or, stated another way, if it duplicates, supplements, or supplants the ERISA civil enforcement remedy. 383 F.3d at 140.

However, ERISA's preemption does not apply to the treatment decisions of medical care providers. In Pryzbowski v. U.S. Healthcare, 245 F.3d 266 (3d Cir. 2001), the Third Circuit laid out a framework for determining whether a claim is completely preempted under section 502(a)

of ERISA.  "In order to ensure that Congress's intent of giving section 502(a) 'extraordinary preemptive force' was fulfilled, [the Third Circuit] utilized the two categories of ERISA cases, originally set out by the Supreme Court in Pegram v. Herdrich, 530 U.S. 211 (2000)." Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) (quoting Pryzbowski v. U.S. Healthcare, 245 F.3d at 271).  "The first category involves cases where the claim challenges the administration of, or eligibility for, benefits.  These cases fall within the scope of 502(a) and are preempted.  The second group of cases challenges the quality of the medical treatment performed and is not preempted." Id.

It was under the Pryzbowski rubric that this Court issued its Order of June 16, 2003, remanding this case to state court on the belief that, under Pegram, a determination by the administrator of an employee benefit plan that is infused with a medical judgment constituted a treatment decision not preempted by ERISA.  Since that time, the Supreme Court has clarified the narrow scope of Pegram in Aetna v. Davila.

In Davila, the Supreme Court held that where a Health Maintenance Organization ("HMO") denied coverage for treatment that was recommended by the plaintiffs' physicians, decisions that ultimately had grave medical implications for the plaintiffs, that the state law claim brought against the HMO was nonetheless preempted by ERISA.  Further, the Court clarified that, while ERISA's civil enforcement mechanism was one of "extraordinary preemptive power," Pegram's holding that the relevant defendant HMO could be held liable for a malpractice practice claim, by contrast, was based on the narrow ground that the HMO was physician-owned-and-operated and "plaintiff's treating physician was also the person charged with administering plaintiff's benefits; it was she who decided whether certain treatments were covered." Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2501 (2004).  Therefore, plaintiff's

7

malpractice claim was not preempted by ERISA. In light of this clarification, this Court must now reconsider whether Plaintiffs' negligence claim against Aetna is preempted by ERISA.

The Third Circuit has held that "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Pryzbowski v. U.S. Healthcare, 245 F.3d at 274. Although Plaintiffs characterize their claim against Aetna as one arising from the treatment by a medical provider, a so-called treatment decision, the essence of the claim is more properly characterized as a denial of benefits. Accepting Plaintiffs' facts, minus their characterizations, as true, it is clear that Aetna refused to make an appointment with Dr. McGlumphy without the referral of Dr. Wiener. This is an administrative decision on Aetna's part and far more analogous to the benefits determination in Davila than the physician-made treatment decisions in Pegram. Nowhere do Plaintiffs allege any medical treatment by Aetna in the commonly understood sense. Nor do Plaintiffs aver that Aetna is a medical treatment provider. Therefore, Plaintiffs' negligence claim is completely preempted by ERISA section 502(a).

### IV. CONCLUSION

For the foregoing reasons, Defendant Aetna's Motion for Judgment on the Pleadings is GRANTED. Plaintiffs' negligence claim against Aetna, Count III of the Complaint, is DISMISSED WITH PREJUDICE.[2] This Court declines to exercise pendant jurisdiction over the remaining state law claims and, therefore, the remaining claims are hereby REMANDED to the Court of Common Pleas of Montgomery County. An appropriate Order follows.

---

[2] Plaintiffs' only claim against Aetna was a common law negligence claim. Plaintiffs have not brought any action seeking the remedies available under ERISA's civil enforcement provisions.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA BROWN, a minor, by and through NADINE MARASCO, her Parent and Natural Guardian,  Plaintiffs, | : : : : : | CIVIL ACTION |
| v. | : : | NO. 04-CV-3442 |
| STEPHEN D. WIENER, M.D., et al.,  Defendants. | : : | |

## ORDER

AND NOW, this   30th   day of June, 2005, upon consideration of Defendant Aetna's Motion for Judgment on the Pleadings (Doc. No. 12), IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.  Plaintiffs' claim against Aetna, Inc., Count III of their Complaint, is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this case shall be remanded to the Montgomery County Court of Common Pleas.

The Clerk of Court is hereby directly to statistically close this matter.

BY THE COURT:

       /s/       
Legrome D. Davis, J.

9